UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE J. KAHOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2743** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "T"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Lonnie J. Kahoe, a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983.[1] He sued the Orleans Parish Sheriff's Office and the Orleans Justice Center. In this lawsuit, he claimed that (1) he slipped and fell at the jail in September of 2019 and (2) he was given the wrong medication in January of 2021.

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A.  That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations

---

[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,[3] the undersigned, for the following reasons, recommends that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

An initial defect in plaintiff's lawsuit concerns his choice of defendants. As noted, he sued the Orleans Parish Sheriff's Office and the Orleans Justice Center. But a Louisiana parish sheriff's office is not a proper defendant in a federal civil rights action. Kerr v. Orleans Parish Sheriff's Office, Civ. Action No. 15-0746, 2015 WL 4755174, at *3 (E.D. La. Aug. 10, 2015) ("In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, suit must be brought against a person with capacity to be sued, and state law governs whether a defendant has that capacity. … In Louisiana, however, a Parish sheriff's office is not a legal entity capable of suing or being sued. Thus, for purposes of suit in a federal court, the Orleans Parish Criminal Sheriff's Office is not a proper defendant under Fed.R.Civ.P. 17." (footnote and citation omitted)). Neither is a parish jail. Id. at *4 ("The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is … not an entity, but a building." (quotation marks omitted)).

That said, plaintiff's lawsuit has an even bigger – and insurmountable – problem: as explained *infra*, his underlying claims are frivolous and/or fail to state a claim on which may be

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

granted.  Given that reality, it is unnecessary to afford him an inherently futile opportunity to file an amended complaint to name a different defendant.  See, e.g., Smith v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) ("[T]he Court need not give plaintiff an opportunity to amend his complaint to name a proper defendant, because it is clear that his underlying claim is frivolous and/or fails to state a claim on which relief may be granted ...."); see also Martzen v. McLane, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has "already alleged his best case and ... any further amendment would not have stated a valid § 1983 claim").

For example, regardless of what defendant were to be named, this lawsuit would still be subject to immediate dismissal because plaintiff's claims were already prescribed by the time this action was filed.  Specifically, regarding the statute of limitations, the United States Fifth Circuit Court of Appeals has held:

> **The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year.** Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).  "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).  However, federal law governs when a Section 1983 claim accrues.  Jacobsen, 133 F.3d at 319.  This court has stated that **"[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."**  Gartrell, 981 F.2d at 257.  As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"  Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016) (emphasis added).  Here, plaintiff's slip and fall claim accrued in **September of 2019**, and his medication claim accrued in **January of 2021**.  Because more than one year then elapsed before he ultimately filed this lawsuit

in **August of 2022**,[4] both of those claims were already prescribed at the time of filing.  Prescribed claims are properly dismissed as frivolous.  See, e.g., Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

And, in any event, dismissal is also warranted to yet another reason:  plaintiff's claims, even if they were not prescribed, simply would not be cognizable in a federal civil rights lawsuit for the following reasons.

Again, plaintiff's first claim is that he slipped and fell in a "large water puddle from shower area in dorm at Orleans Parish Jail."[5]  However, such "slip and fall" claims are not actionable under § 1983 because they implicate no federal constitutional right.  See, e.g., Coleman v. Sweetin, 745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law.  We agree with this conclusion. ... Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents.  The usual reasoning is that the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." (footnote omitted)); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) ("slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); Jones v. St.

---

[4] Because plaintiff is a *pro se* prisoner, his complaint is "deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court." Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Here, that date is not apparent from the record; however, it obviously was no earlier than the date on which he signed the complaint. See, e.g., Smith v. Tanner, Civ. Action No. 18-3719, 2018 WL 6204617, at *6 (E.D. La. Nov. 11, 2018), adopted, 2018 WL 6199974 (E.D. La. Nov. 27, 2018).  Plaintiff signed his complaint on August 25, 2022. Rec. Doc. 3, p. 5.

[5] Rec. Doc. 3, p. 4.

Charles Parish Sheriff's Office, Civ. Action No. 18-4342, 2018 WL 5904660, at *5 (E.D. La. Aug. 27, 2018) ("To the extent that plaintiff is asserting a 'slip and fall' claim based on the fact that he fell after slipping in a puddle caused by a leak, that claim is not actionable under federal law. Accidental falls, while unfortunate, simply do not rise to the level of federal constitutional violations."), adopted, 2018 WL 5886607 (E.D. La. Nov. 9, 2018).

Plaintiff's second claim is that he was mistakenly given another prisoner's medication, thereby causing him to "black-out" and injure himself in another fall.[6] However, such isolated medication administration errors amount to nothing more than negligence, not constitutional violations, and so likewise simply are not actionable under § 1983. See, e.g., Preston v. Normand, Civ. Action No. 10-1667, 2010 WL 5375966, at *5 (E.D. La. Nov. 17, 2010) ("Such allegations [that an inmate was accidentally given the wrong medication] fail to state a cognizable federal Section 1983 claim as a matter of law. Under these circumstances, plaintiff's testimony at best asserts a state tort law negligence claim, not a claim of civil rights violations cognizable under Section 1983. Claims arising from allegedly negligent acts do not give rise to relief under Section 1983."), adopted, 2010 WL 5376345 (E.D. La. Dec. 14, 2010); Tunson v. Lee, Civ. Action No. 06-3762, 2006 WL 4043056, at *3 (E.D. La. Aug. 23, 2006) ("[A]t most, plaintiff's claim that he was given the wrong medication amounts to nothing more than a negligence claim. … Simply put, allegations of malpractice or negligence alone are never sufficient to state a claim for constitutionally inadequate medical care.") (adopted by Feldman, J., on Oct. 20, 2006).

---

[6] Id.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __16th__ day of September, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**